## Louis Remeau v. Thomas Mills and another.

*Equity pleading : Statutory rights.* A bill in equity filed by a settler on swamp land, to enforce a right under the swamp land acts of 1859, and 1861, (*Sess. L. 1859*, p. 862 ; *Sess. L. 1861*, p. 145,) must show a substantial compliance with every provision of the act on which the right depends.

*Deed for swamp lands.* A deed from the governor for a parcel of swamp lands will confer no title unless given pursuant to law.

*Submitted on briefs October 24. Decided October 31.*

Appeal in Chancery from Muskegon Circuit.

The bill in this cause was filed by Louis Remeau, in the circuit court for the county of Muskegon in chancery, against Thomas Mills and Henry N. Smith ; *first*, to

restrain the defendant Mills from suing out of the circuit court for the county of Muskegon a writ of possession on a judgment rendered in said court in a suit in ejectment wherein the said Mills was plaintiff, and the complainant was defendant; *secondly,* to declare a deed of the premises in controversy in the ejectment suit, executed and delivered by the defendant Smith to the defendant Mills, a mortgage; and *thirdly,* that the defendants release and quit claim all their right and interest to said premises to the complainant. The defendants demurred to the bill, and on the hearing a decree was entered sustaining the demurrer and dismissing the bill with costs, from which the complainant appeals to this court.

*Thomas B. Church,* for complainant.

*John T. Holmes,* for defendants.

GRAVES, J.

This is an appeal from a decree allowing a demurrer and dismissing the bill.

The complainant claims that in 1862, he became a settler on a parcel of swamp land under the acts of 1859, and 1861, (*Sess. L. 1859, p. 862 ; Sess. L. 1861, p. 145,*) and that subsequently the land was sold by the state, in contravention of his rights as settler, to Smith, who shortly after conveyed to Mills, both having notice of his claim; and that Mills has brought ejectment against him which he asks to have restrained.

He also represents that after his license was obtained, and before the sale to Smith, he was informed that he had been drafted to serve in the army, and supposing, notwithstanding he was an alien and had never voted, that he was subject to the draft, he fled to Canada to avoid the service, leaving his family and brother-in-law to look after and pro-

tect his rights. He further represents, that after the commencement of the ejectment suit he obtained a deed of the land from the governor, who was "duly authorized" to give it.

The objections to the bill are numerous. It is not only defective for want of material matter, but is likewise defective for want of fullness, clearness, and directness of statement in respect to the matter it shadows forth. The law requires the settler, as a condition, upon which his right depends, to perform certain acts and refrain from others; and, in case of disobedience avoids his claim, and authorizes the commissioner of the land office to sell the land as other swamp lands are sold.

It was necessary, in any admissible view of the case, for the complainant to show in his bill, by statements of what he had done and abstained from doing, that he had substantially complied with the requirements of the statutes under which he claims. The state having the right to prescribe the terms upon which it would allow settlement, and having prescribed the terms, it is incumbent upon one who bases his claim upon the law of settlement to show that in all substantial particulars he has complied with these terms. This bill, however, contains no statement of such facts. Nor does it show, even in a general way, that the provisions of the law have been observed. No details are given, or conclusions even, having a legal tendency to show that complainant kept his claim good or saved it from becoming void. On the contrary, he avows that he fled from the country, and by so much, furnishes evidence of failure to abide by the conditions of his license, and also of an actual abandonment of his claim. Nothing is stated to indicate the nature of the deed from the governor to complainant. Unless it was given pursuant to some law it is valueless; and the bill gives no information on the sub-

24 MICH.—3.

ject. In the absence of something to explain the ground and nature of this deed, the circumstance that it was made and delivered can have no force to prop up this bill.

The faults in this pleading are so obvious and serious that we suspect the bill must have been resorted to as a "forlorn hope." We do not think it needful to examine it more in detail, or to point out its objectionable features with greater particularity. The decree below was correct, and should be affirmed with costs.

The other Justices concurred.