MARGARET B. BANGS, BLEECKER BANGS, AND ANSON C. BANGS v. SAMUEL M. STEPHENSON, JOSEPH FLESH-IEM, AND MINOR S. NEWELL, COMMISSIONER OF THE STATE LAND OFFICE.

*Equity—Bill to affirm validity of swamp-land certificate—*
*Necessary averments of Laches.*

Complainants filed a bill to maintain the validity of a certificate issued under How. Stat. § 5397, for State swamp land, and for a conveyance from subsequent patentees of the State, the Commissioner of the State Land Office having adjudged the certificate inoperative. The bill failed to aver the performance of the requirements set forth in said section, and rebutted the presumption of such performance arising from the action of the commissioner in issuing the certificate.

*Held*, that in order to entitle complainants to the relief asked for such showing must be made.

*Held*, further, that as defendants have held their title for eleven years prior to the filing of complainants' bill, and are presumably in possession, no showing to the contrary being made, and the bill not averring the required settlement on and improvement of the land by those through whom complainants claim, but affirmatively showing notice to their ancestor, one of said claimants, of the alleged invalidity of said certificate and the applica-

tion by other parties for the land, such laches appear as prevent the granting of the relief prayed for.

Appeal from Menominee.  (Grant, J.)  Argued November 4, 1886.  Decided November 17, 1886.

Bill to declare ·the validity of a swamp-land certificate issued under How. Stat. § 5397, and for other purposes. Complainants appeal.  Decree dismissing the bill affirmed. The facts are stated in the opinion.

*Olds & Robson* (*Isaac Marston*, of counsel), for complainants:

Quimby obtained a vested interest under the certificate: Cooley, Const. Lim. 353, 357, 359.

It is a part of the "law of the land" that a man's rights shall be heard and determined before they are divested: How. Stat. § 5316; *People v. State Treasurer*, 7 Mich. 366; *Merrill v. Hartwell*, 11 Id. 200; *Boyce v. Danz*, 29 Id. 146, 151; *Hedley v. Leonard*, 35 Id. 71; *Romain v. Lewis*, 39 Id. 233; *Carpenter v. Ingersoll*, 43 Id. 433.

The sale to Stephenson, even if operating as a forfeiture of the·certificate, was illegal, as by it Bangs was deprived of his right to redeem arising on a *legal* forfeiture of the certificate, and, further, the sale was made before a public offering as provided by the statute:  Laws of 1851, p. 323; Laws of 1857, p. 234; Laws of 1858, p. 170; C. L. 1871, §§ 3832, 3833, 3836.

Bangs was also deprived of the appraisal of his improvements by the. supervisor (C. L. 1871, § 3837 *et seq.*), and until this was had the lands could not be offered at public or private sale.

The proceeding by bill in equity is a proper one:  *People v. Commissioner of State Land Office*, 23 Mich. 284; *Boyce v. Danz*, 29 Id. 146; *Romain v. Lewis*, 39 Id. 233.

*B. J. Brown*, for defendants:

Unless the State brings proceedings to avoid its patent it is presumed valid, except as against such parties as are distinctly authorized to assail it.  *Hedley v. Leonard*, 35 Mich. 71; *Lee v. Johnson*, 116 U. S. 48, and cases cited.[1]

---

[1] See *Webber v. Pere Marquette Boom Co.*, 62 Mich. 626.

The government can file its own bill to cancel a patent unadvisedly or wrongfully issued: Id. As to what it is necessary to show to set aside a patent at suit of private party, see *Sparks v. Pierce,* 115 U. S. 408; *Bohall v. Dilla,* 114 Id. 51.

The bill is defective in not showing compliance with the requirements of the statute under which complainants' rights are asserted: *Remeau v. Mills,* 24 Mich. 15; *Lytle v. State,* 22 How. 193; *Garland v. Wynn,* 20 Id. 6.

A court of equity will not intervene as against a patentee unless in equity and good conscience, and by the laws applicable to the subject, the legal title ought to go to another: *Johnson v. Towsley,* 13 Wall. 85.

As to laches of complainants, see *People v. Seneca Common Pleas,* 2 Wend. 264; *Brown v. County of Buena Vista,* 95 U. S. 157.

As to period of limitation, see *Sullivan v. P. & K. R. R. Co.,* 94 U. S. 806; *Campau v. Van Dyke,* 15 Mich. 371; *McVickar v. Filer,* 31 Id. 308.

The rule is more stringently applied where complainant is not in possession: *Landsdale v. Smith,* 106 U. S. 391.

Objection should be taken by demurrer: *Maxwell v. Kennedy,* 8 How. 210; *Landsdale v. Smith,* 106 U. S. 391.

MORSE, J. Margaret B. Bangs is the widow, and the other complainants are the sons, of Anson Bangs, who died in Virginia in 1880. By his will, probated in Kings county, New York, and in Menominee county, in this State, they receive and are entitled to his whole estate, share and share alike.

It is shown by the bill of complaint filed in this cause in March, 1886, that on the third of August, 1858, one John Quimby, then of Menominee, Michigan, under the provisions of section 8, Act 31, Laws of 1858, purchased several parcels of land in said county of Menominee, and paid to the State therefor one-quarter of the purchase price, $80.11; that the balance of the purchase money was to draw interest at 7 per cent., said interest to be paid on or before the first day of March in each year, or within 60 days thereafter. He received in evidence of his purchase a part-paid certificate, numbered 2,486, issued to him by the Commissioner of the

State Land Office, August 3, 1858. These parcels constituted one contiguous body of land.

January 12, 1859, for a valuable consideration, Quimby conveyed a portion of these lands, described as lot No. 1 of section 26, township 32 N., of range 27 W., with other lands, to John N. Thereault, by warranty deed, recorded April 23, 1859.

Thereault, on the ninth of July, 1859, in consideration of $134, conveyed, by a good and sufficient deed, the said lot 1, with other lands, to the said Anson Bangs, which deed was recorded August 8, 1859; and it is averred that these conveyances vested in said Bangs all the title of John Quimby, under said certificate 2,486, to said lot 1, and the recording of said deeds was due notice to all of his interest in said land; that the certificate was turned over to said Bangs, which, together with the receipts of the State Treasurer up to and including March 1, 1868, for interest, are now in the possession of complainants; that the payment of interest aforesaid was made by said Bangs to protect his interest in said certificate, which has never been divided or surrendered to the State; that some time in 1860 the said Quimby assigned to said Bangs his remaining interest in said certificate, and thereupon Bangs paid to the State all the interest due thereon, and the penalty which had accrued, within the time prescribed by law; and that on or about the twenty-ninth day of November, 1864, the said Quimby filed a bill in the circuit court for the county of Menominee, in chancery, against the Commissioner of the State Land Office and said Anson Bangs, alleging fraud and misrepresentation by Bangs in obtaining the balance of Quimby's interest in said certificate, and praying for an order vacating the assignment to Bangs, and decreeing that Quimby was entitled to a patent for the other parcels of land; but complainants aver, on information and belief, that Bangs was never informed of said suit, that no personal service was made upon him, but

he was brought in by publication, the bill taken as confessed against him, and a decree entered August 7, 1865, in accordance with the prayer of such bill.

In pursuance of said decree the other lands embraced in this certificate were patented to said Quimby, July 15, 1867; but said certificate has never been divided, surrendered, altered, or changed, and, at the time of the issue of the patent of the other lands to Quimby, the State of Michigan did not question but that the terms and requirements of the said certificate had been fully met and complied with in every respect.

The said Anson Bangs paid the entire amount of the annual interest due upon said certificate up to and including the year ending March 1, 1868.

In the month of July, 1869, he applied by letter for a statement of the amount due upon the certificate, principal and interest, it being his intention to pay the same, and take a patent therefor from the State, as he stated in said letter. The Deputy Commissioner of the State Land Office wrote in reply as follows:

"STATE LAND OFFICE, LANSING. July 12, 1869.

"*Anson Bangs, Esq.*—SIR: Inclosed I send you the amount due on swamp-land certificates Nos. 2,486 and 3,964, up to date, July 12, 1869. If you should pay all up on this land, it would be impossible for this office to issue to you a clear deed or patent for the land. It is held by parties that the law has not been complied with, and application has been made for a portion of the land contained in these certificates. This office has been notified not to issue deeds for the land until the matter is settled by the courts.

"Respectfully yours,

"E. H. PORTER, Dep. Com."

July 7, 1869, Bangs directed his attorneys, Longyear & Seager, at Lansing, by letter, to make a tender upon such certificate, and take all necessary steps to protect his rights in the premises; and complainants aver, upon information and belief, that said attorneys did tender to said commissioner

$132.31, in full of the amount due upon said certificate July 12, 1869, accompanying said tender with a demand for a full-paid certificate, which was refused.

.No steps were ever taken, however, by the State, to forfeit such certificate, as against Bangs, or any notice given him to return the same for cancellation, or any other purpose; but on March 10, 1875, an application was made by the defendant Samuel M. Stephenson to purchase said lot 1 at private sale, which was accepted, and filed, together with the sum of $31.27, to cover the purchase price, and on March 13, 1875, a patent was issued to said Stephenson of said lot 1, who subsequently, his wife joining with him, conveyed a half interest in the same to the defendant Joseph Fleshiem.

Complainants further allege that they are advised that said certificate has never been forfeited; that Anson Bangs, up to the time of his death, always asserted his interest in said land by virtue of such certificate, and that he never had any notice of the pretended sale to Stephenson; and that, as the sale to him was private, there has been no declaration of forfeiture or judicial determination of the same, or any public offering of said lot, in order to restore it to market, and therefore it was not subject to private entry.

They further aver that, by such sale to Stephenson, Bangs was deprived of his right to redeem said land, and that such sale has not divested his interest; that the pretended title of Stephenson and Fleshiem is of no effect, and is held in trust for the complainants, the sole heirs of said Anson Bangs; and that when they acquired such pretended title they had full notice of the rights of said Bangs.

Complainants allege their poverty as the excuse why they have not sooner moved to establish their rights under the certificate, and that for a long time after the death of Bangs they were unable to ascertain what his interests were; that they placed the landed interests in Michigan in the hands of attorneys, who, for some reason, delayed all investigation;

that later, in 1882, they put their matters in the hands of S. F. Seager, at Lansing, whose death in November, 1883, caused a further delay of action. In 1884 they retained Olds & Robson, of Lansing, who, after investigation, informed them that the certificate had not been forfeited, and that the rights of Bangs thereunder had not been extinguished, which was the first definite information obtained by complainants relating to the matter.

July 7, 1885, these solicitors, as their agents, tendered to the Commissioner of the State Land Office $200, in payment of principal and interest and all legal charges upon said certificate, and demanded a full-paid certificate for said lot 1, which tender and demand were refused because of the patent previously issued to Stephenson.

The said lot exceeds in value the sum of $100.

Complainants allege that the apparent legal title of Stephenson and Fleshiem was acquired with a full knowledge of the fact that Anson Bangs was the owner of said certificate, and that the same was still outstanding and in full force as to said lot 1, wherefore such title is held in trust for them, as the heirs of said Bangs.

The prayer of the bill asks that it may be decreed that the interest of said Bangs in said certificate, as to said lot 1, has never been forfeited, and remains in full force; that Stephenson and Fleshiem may be compelled to convey their title to complainants; and that the commissioner be ordered to issue to them a full-paid certificate of said lot 1, such certificate to entitle them to a patent from the State upon demand and a surrender of the same.

To this bill the defendants Stephenson and Fleshiem interposed a general demurrer, which was sustained in the court below, and the bill dismissed.

Complainants appeal.

We think the court below was right in sustaining the demurrer.

The right of complainants is asserted under section 8, Act 31, Laws of 1858, now contained in section 5397, How. Stat. This act required an affidavit of the purchaser of his intention to become an actual and *bona fide* settler upon the land, and also that he should furnish the Commissioner of the State Land Office with satisfactory evidence that the land was valuable for agricultural purposes.

In order for the complainants to assert and maintain the validity of this certificate in equity, and to demand a full-paid certificate or a patent for this land, they must show that in equity they are entitled to it, and, in order to establish such equity, must show that the certificate which they hold was issued properly, and in compliance with the statute authorizing its issue.

It was so held in this Court in a case where complainant's bill alleged that he had obtained a deed of the land from the Governor of this State, who was "duly authorized" to give it. *Remeau v. Mills*, 24 Mich. 15, 17.

The issue of this certificate by the proper officer might perhaps, as a general rule, under the presumption that public officers perform their duties faithfully and in accordance with law, stand, in the absence of any showing to the contrary, as presumptive evidence that the necessary requirements of the statute had been complied with, but in this case the complainants, by their showing, rebut that presumption. It appears from the bill that as long ago as July 12, 1869, Anson Bangs was informed by the commissioner that no patent would be issued to him upon the land, because it was "held by parties that the law had not been complied with;" and he was at the same time further notified that other parties had made application for the land. Afterwards the commissioner passed upon the validity of this certificate, and, inferentially at least, decided against it, by issuing a patent to Stephenson. The commissioner may have been entirely wrong in his conclusion and action, but it

certainly devolves upon complainants to show it, and to establish that every requirement of the statute—every condition precedent to the issue of this certificate—was complied with.

To entitle complainants to relief against this patent issued by the State to Stephenson, they must show a better right to the land in Anson Banks, under whom they claim, such as in law should have been respected, and, being respected, would have entitled him to the patent (*Sparks v. Pierce,* 115 U. S. 408, 413; *Bohall v. Dilla,* 114 Id. 47, 51); and, in order to establish this, it was necessary for the complainants to aver that the certificate was issued and taken in good faith by John Quimby, and that the statute governing the issue of the same was substantially complied with. This their bill signally fails to do.

Another thing does not appear in the bill which, in my opinion, is a necessary averment. The certificate is not set out in full, but, if properly issued according to law, it would, by the terms of the statute, become void, if the purchaser or his assigns did not, within one year after its issue, settle upon the land, and become an actual and permanent resident thereon, and cultivate and improve the same. No averment of such settlement or cultivation is contained in the bill.

It also seems to me that the complainants, by their own laches, and the laches of Anson Bangs, have lost the right at this late day to file their bill in equity. Anson Bangs was notified eleven years before his death of the refusal of the commissioner to receive interest upon this certificate, or to issue a patent therefor, because of the claim that the law of its issue and being had not been complied with, and that the land was liable to be sold to another.

It was his duty to move promptly in the premises, and no good excuse is offered for his failure to do so. His conduct in the premises looks more like an abandonment of his claim to the land than anything else. The bill avers a tender, it

is true, but no steps were taken after such tender to assert his rights. If the law had been fully complied with, and upon such tender he was entitled to a patent, it is singular that he took no further action to obtain such patent.

The bill of these complainants was not filed until March of the present year, and this delay of six years and a half from the time the complainant Margaret B. Bangs was appointed executrix of the last will of Anson Bangs is not satisfactorily accounted for.

The defendants have held their title, undisputed, from the State, since 1875,—a period of eleven years before the filing of this bill,—and are presumably in possession of the land; and there is no showing that they, or one of them, have not settled upon and improved the same.

With no averment in complainants' bill that Quimby, Thereault, or Anson Bangs ever settled upon this land, or occupied it, under this certificate of purchase, and with the probabilities, from the showing in the bill itself, that, although Bangs acquired the right under the certificate to this lot in less than a year after it was issued, he never lived upon the land as the law required, and in view of the laches of Bangs in not moving to assert his rights, if any existed, in the premises, I am of the opinion that the bill entirely fails to make out any case for relief, and that there is no equity in its showing.

The decree of the court below is therefore affirmed, with costs.

The other Justices concurred.